UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLOTTE L. FRANKLIN,<br>    Plaintiff, | Case No. 1:25-cv-42 |
| vs. | Cole, J.<br>Litkovitz, M.J. |
| U.S.A. IMMIGRATION, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff, a resident of Cincinnati, Ohio, filed a pro se civil complaint against U.S.A. Immigration, U.S.P.S. Service, GCB Services, Talbert House, Probate Court Hamilton County, and Christ Hospital on January 31, 2025 (Doc. 1-1). By separate Order, plaintiff has been conditionally granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

I. SCREENING OF COMPLAINT

    A.    **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

---

[1] Formerly 28 U.S.C. § 1915(d).

2

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).   Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."   *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).   Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).   A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).   By the same token, however, "'courts

3

should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Plaintiff's Complaint

Plaintiff's complaint is difficult to read and decipher. As best the Court can discern, plaintiff's complaint alleges the following:

> Immigration let my husband Roy Roosevelt Samuels come here with two passports and two visas immigration in Columbus sent me a letter 197 – that was there and was supposed to be here in Cincinnati, Ohio. When he did arrive here in Cincinnati Ohio on a Friday and went straight to Springfield Township Police Department before coming to my residence which was 1008 Wellspring Dr., Cincinnati, OH 45231. My son called me that he was here and gave them something to drink. I came home. He left that day in the cab service next-door to my resident. He came back and had to report to immigration in Cincinnati, Ohio, but refused to sit with me. The agent called us in his office. I excuse myself to go to the restroom. When I returned, they talked about why he went back to Jamaica the same day? His mother has cancer; that was a lie. Then the agent came out to the waiting room and says to Roy if you have any problem with anybody contact them and gave them his business card. Then he had me walking around the US Postal Federal Building. The Lord spoke to me – stop! He was using black magic to overthrow our country for Queen Elizabeth.

(Doc. 1-1 at PAGEID 6). The Court is unable to discern the relief plaintiff is seeking. (*Id*. at PAGEID 7).

### C. Analysis of Complaint

Plaintiff's pro se complaint is rambling, difficult to decipher, and virtually incomprehensible. Plaintiff's complaint should be dismissed as frivolous because it does not set forth any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29. In addition, plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that any of the named defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations do not "give the defendant[s] fair notice of what the . . . claim is and

4

the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

Accordingly, the complaint is frivolous and fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## II. COURT WARNING

The Court takes judicial notice of the fact that between plaintiff's first pro se appearance in this Court on December 30, 2022 and the end of 2024, this Court dismissed (or recommended the dismissal of) at least four complaints filed by the same plaintiff[2] for failure to state a claim for relief or for lack of federal jurisdiction under applicable screening standards. *See, e.g.*, *Franklin v. U.C. Drake Hospital*, No. 1:24-cv-611-JPH-KLL (case dismissed, appeal pending); *Franklin v. Hamilton County Sheriff*[], No. 1:24-cv-610-DRC-SKB (R&R recommending dismissal pending before presiding district judge); *Franklin v. Dieffenbach*, No. 1:24-cv-524-JPH-SKB (case dismissed by this Court, in forma pauperis denied, but ruling on in forma pauperis status pending in Sixth Circuit); *Franklin-Samuels v. Soc. Sec. Admin.*, et al., No. 1:22-cv-775-MWM-KLL (case dismissed, motion to reopen denied, no appeal filed).

Recently, plaintiff has picked of the pace of her filings. From January 31, 2025 through February 11, 2025, plaintiff has initiated twenty new cases. In each case, she seeks to file *in forma pauperis*, or without payment of fees. *See, e.g.*, Case Nos. 1:25-cv-41-DRC-SKB, 1:25-cv-42-DRC-KLL, 1:25-cv-44-MRB-SKB,2 1:25-cv-48-DRC-KLL, 1:25-cv-49-MRB-KLL,

---

[2] Plaintiff's use of different first and last names has made it difficult for this Court to track her cases. She has filed cases under multiple first and last names. For example, she routinely uses variations of "Charlotte" or "Queen" as a first name and either "Franklin" or "Franklin-Samuels" as a surname.

1:25-cv-51-JPH-SKB, 1:25-cv-52-DRCSKB, 1:25-cv-58-SJD-SKB, 1:25-cv-59-JPH-SKB, 1:25-cv-60-DRC-KLL, 1:25-cv-65- DRC-KLL, 1:25-cv-77-MRB-SKB, 1:25-cv-78-DRC-KLL, 1:25-cv-79-MWM-KLL, 1:25-cv- 80-JPH-KLL, 1:25-cv-82-MWM-KLL, 1:25-cv-83-SJD-KLL, 1:25-cv-86-SJD-SKB, 1:25- cv-87-JPH-KLL, 1:25-cv-88-JPH-SKB 1:25-cv-52-DRC-SKB, 1:25-cv-58-SJD-SKB, 1:25-cv-59-JPH-SKB, 1:25-cv-60-DRC-KLL, and 1:25-cv-65-DRC-KLL.

On February 12, 2025, Magistrate Judge Bowman recommended that plaintiff's complaint in *Franklin v. J.C. Battel Funeral Home*, No. 1:25-cv-52 (S.D. Ohio) be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Noting that this was the sixth case in which the Court has recommended dismissal under 28 U.S.C. § 1915(e)(2)(B), Magistrate Judge Bowman also recommended that plaintiff should be formally warned that she is highly likely to be deemed a vexatious litigator and made subject to prefiling limitations if she persists in filing additional cases that are factually and legally frivolous under screening standards. No. 1:25-cv-52 (S.D. Ohio) (Doc. 4).

This Court routinely warns pro se litigants who file multiple cases that are dismissed under 28 U.S.C. § 1915 screening standards that continuing the same course of conduct may result in the imposition of pre-filing sanctions and/or a declaration that their filings are "vexatious." On February 13, 2025, the Court issued such a warning: "[I]n consideration of Franklin's record of litigation and the Magistrate Judge's memorandum order in *Franklin v. J.C. Battle Funeral Home*, No., 1:25-cv-52, Doc. 7, Franklin is **FORMALLY WARNED** that further frivolous filings may result in her being declared a vexatious litigant subject to prefiling restrictions or sanctions." *Franklin v. Glenwood Behavioral Hospital*, No. 1:25-cv-44 (S.D. Ohio Feb. 13, 2025) (Doc. 8).

6

Given that the instant case is at least the seventh lawsuit that plaintiff has filed in which sua sponte dismissal has been recommended under 28 U.S.C. § 1915 screening standards, and in light of plaintiff's dramatically increased litigation activity in 2025, the undersigned likewise warns plaintiff that if she persists in filing further lawsuits that are dismissed sua sponte on initial screening, she is likely to be deemed a vexatious litigant subject to prefiling restrictions. Every frivolous lawsuit that is filed taxes scarce judicial resources and necessarily detracts from this Court's administration of justice in presiding over legitimate non-frivolous cases. The repeated filing of frivolous lawsuits by vexatious litigators is a well-recognized problem in the federal courts because such filings require a significant expenditure of limited judicial resources. As a result, district courts have the "inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings." *Brown v. Foley*, No. 20-3272, 2020 WL 8921407, at *2 (6th Cir. July 27, 2020) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998)). When a litigant fails to comprehend the basis for the prior dismissals and continues to file additional lawsuits subject to dismissal on the same grounds, a federal court may deem that litigant to be vexatious and impose an appropriate sanction. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002) (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers,* 141 F.3d at 269 ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure

and eviction, and was using the judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally, Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

Ordinarily, a pro se plaintiff who proceeds *in forma pauperis* will be formally warned before pre-filing restrictions are imposed. Because plaintiff's cases that have been sua sponte dismissed under § 1915 screening standards number at least seven or more, the undersigned recommends that plaintiff be formally warned that she is highly likely to be deemed a vexatious litigator and made subject to pre-filing restrictions if she persists in filing additional cases that are factually and legally frivolous or fail state a claim for relief under screening standards.

## IT IS THEREFORE RECOMMENDED:

1. All claims contained in plaintiff's complaint should be **DISMISSED with prejudice** as frivolous and for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B);

2. Because this is at least the seventh case for which this Court has recommended dismissal under 28 U.S.C. § 1915(e)(2)(B), plaintiff should be **FORMALLY WARNED** that she is highly likely to be deemed to be a vexatious litigator and made subject to prefiling limitations if she persists in filing additional cases that are factually and legally frivolous or fail to state a claim for relief under screening standards;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny plaintiff leave to appeal *in forma pauperis*. Plaintiff

remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 2/24/2025

Karen L. Litkovitz
United States Magistrate Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE L. FRANKLIN,
 Plaintiff,

vs.

U.S.A. IMMIGRATION, et al.,
 Defendants.

Case No. 1:25-cv-42

Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).