UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**QUEEN CHARLOTTE FRANKLIN,**

    **Plaintiff,**

    v.

**U.S.A. IMMIGRATION, et al.,**

    **Defendants.**

Case No. 1:25-cv-42

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

Plaintiff Queen Charlotte Franklin is no stranger to the federal courts. At the beginning of 2025, during a two-week span, Franklin, proceeding pro se and in forma pauperis (IFP), filed twenty lawsuits in this District, many of which make nearly incomprehensible (and sometimes illegible) allegations involving "black magic."[1] This Complaint is no different in substance, though it has followed a unique procedural path to get here.

It started out as most IFP complaints do. The Magistrate Judge assigned to this case screened Franklin's Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation. (R&R, Doc. 5). The R&R recommends that the Court dismiss the Complaint with prejudice because it is frivolous and fails to state a claim. (*Id.* at #23–24, 27). It also formally warns Franklin that continuing to file cases that

---

[1] Franklin's litigation history is more thoroughly detailed in one of the Court's previous Orders dismissing another one of Franklin's many cases. *Franklin v. United States Postal Service*, No. 1:25-cv-60, 2025 WL 957556, at *1 nn.1 & 2 (S.D. Ohio Mar. 31, 2025).

are dismissed on initial screening will likely result in her designation as a vexatious litigator. (*Id.* at #24–27).

But then the case took an odd turn. Before the Court could either adopt or reject the R&R, Franklin appealed the Magistrate Judge's determination straight to the Sixth Circuit. (Docs. 6, 7). And she moved in this Court for leave to pursue that appeal IFP. (Doc. 8). Those filings garnered two judicial responses. First, the Magistrate Judge recommended that the Court deny Franklin's motion seeking leave to appeal IFP. (R&R, Doc. 10). Second, the Sixth Circuit denied Franklin's appeal for lack of jurisdiction, as an R&R is not a final judgment. (Doc. 12). At this point, then, both the original R&R and the R&R recommending denial of the motion to appeal IFP are properly before the Court.[2]

For the reasons briefly laid out below, the Court **ADOPTS** the original R&R (Doc. 5) and **DISMISSES** the Complaint (Doc. 4) **WITH PREJUDICE**. Moreover, the Court **FORMALLY WARNS** Franklin that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, the Court will deem her a vexatious litigator. And given the Sixth Circuit's dismissal of Franklin's appeal, the Court **REJECTS** the second R&R (Doc. 10), which addressed her right to pursue that appeal IFP, **AS MOOT**. That said, the Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of *this* Order would not be made in good faith, and thus **DENIES** Franklin leave to appeal IFP.

---

[2] When the Sixth Circuit dismissed Franklin's appeal, it specified that no mandate would issue. (Doc. 12, #68). So the dismissal alone restored the Court's jurisdiction over the matter.

To more fully explain the idiosyncratic procedural posture of this case, the Court starts at the beginning. When she filed her Complaint, Franklin also sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that Franklin's Complaint is frivolous and fails to state a claim upon which relief can be granted. (Doc. 4, #23–24). Within the required fourteen-day window, Franklin made it known that she disagreed with that recommendation. But she did not do so in the typical fashion—as noted, she "appealed" the R&R, rather than objecting to it. (Doc. 6).

With that appeal dismissed, and the matter now back before the Court, the Court must decide what to make of Franklin's filing. Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely *objection*." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023) (emphasis added). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (cleaned up). A proper objection, moreover, is one that is "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with a

3

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Franklin sued U.S.A. Immigration, U.S.P.S. Service, GCB Services, Talbert House, Probate Court Hamilton County, and Christ Hospital. (Doc. 4, #16). Her Complaint makes confused allegations about "Immigration" allowing her husband to come to Columbus "with two passports and two visas," an experience she had at the immigration office, and her husband "using black magic to overthrow our country for Queen Elizabeth." (*Id.* at #18).

The Magistrate Judge found the Complaint deficient on multiple fronts. First, the R&R observes that the Complaint is "rambling, difficult to decipher, and virtually incomprehensible." (Doc. 5, #23). And the R&R further notes that the allegations do not provide Defendants fair notice of what exactly Franklin is suing for or on what grounds. (*Id.* at #23–24). In sum, the Magistrate Judge recommends dismissing the

Complaint as frivolous because it does not allege any facts from which the Court can reasonably infer a legally viable claim. (*Id.*).

In response, Franklin did not object, but rather appealed. (Doc. 6). Giving Franklin the benefit of the doubt, as is befitting for a pro se litigant, the Court will construe that filing as a mislabeled attempt to object to the R&R. But even so construed, the filing falls well short. It largely consists of illegible handwriting. And to the extent the Court can decipher it, the filing merely recounts the exact same allegations included in Franklin's Complaint. (*See id.* at #30–31). In other words, it raises no specific objections to the R&R.

That in and of itself would be enough to overrule the "objection." But in an abundance of caution, the Court also reviewed the Complaint de novo. Based on that review, the Court agrees with the Magistrate Judge that the Complaint is frivolous and fails to state a claim. Franklin's allegations are incoherent and simply do not set forth any rational claim. So dismissal is appropriate.

Beyond recommending dismissal, the Magistrate Judge formally warned Franklin that "she is highly likely to be deemed a vexatious litigator and made subject to pre-filing restrictions if she persists in filing additional cases that are factually and legally frivolous or fail state a claim for relief under screening standards." (Doc. 5, #27). The Court joins in that warning here. Significant judicial resources and court time have been spent screening Franklin's numerous complaints, most (if not all) of which appear to make wholly frivolous allegations. As such, the Court **FORMALLY WARNS** Franklin that filing any new cases that are factually and legally frivolous

5

or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Franklin leave to appeal IFP. But as a non-prisoner, Franklin may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024).

For the reasons explained, the Court **ADOPTS** the R&R (Doc. 5) and **DISMISSES** Franklin's Complaint (Doc. 4) **WITH PREJUDICE** because it is frivolous and fails to state a claim. The Court further **REJECTS** the second R&R (Doc. 10) **AS MOOT** given the Sixth Circuit's dismissal of Franklin's earlier appeal. Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

May 7, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**